**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STEPHANIE N.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:25-cv-520

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER[2]**

Plaintiff Stephanie N. filed this Social Security appeal to challenge the Commissioner's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding *pro se*, Plaintiff has filed a Statement of Errors. (Doc. 11). Defendant filed a Memorandum in Opposition. (Doc. 14). For the reasons that follow, the Administrative Law Judge ("ALJ")'s decision is AFFIRMED because it is supported by substantial evidence.

**I. Summary of Administrative Record**

On August 2, 2022, Plaintiff filed an application for child's insurance benefits based on disability. Plaintiff also filed a Title XVI application for supplemental security income ("SSI") on May 29, 2022. Both applications alleged disability beginning August 1, 2000. Plaintiff alleged disability due to anxiety, panic attacks, asthma, and migraines. (Tr. 33). Plaintiff's applications were denied initially and upon reconsideration.

---

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

[2]The parties have consented to disposition by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c).

On March 7, 2024, Plaintiff appeared with counsel and testified at a telephonic hearing before ALJ Thuy-Anh Nguyen. A vocational expert also testified. On July 19, 2024, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. Plaintiff subsequently filed this judicial appeal, challenging the ALJ's decision.

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since turning 18, the earliest potential entitlement date. (Tr. 18, 25).[3]

With respect to the child disability claim, the ALJ found that Plaintiff had no medically determinable impairment through the date she turned 22. (Tr. 18, 26). The ALJ therefore determined that Plaintiff was not entitled to child's insurance benefits. (*Id.*). With respect to Plaintiff's SSI claim, the ALJ considered the period beginning May 29, 2022, the date Plaintiff filed her application. (Tr. 18).

Based on the record and testimony presented at the hearing, the ALJ determined that Plaintiff had the following severe impairment: an anxiety disorder variously diagnosed as an unspecified anxiety disorder, generalized anxiety disorder, and agoraphobia with panic disorder. (*Id.*). Considering Plaintiff's impairments individually and in combination from the application date onward, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 19). The ALJ found that, despite these impairments, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations:

[3] To qualify for child's insurance benefits as a disabled adult child, a claimant must have attained age 18 and have a disability that began before attaining age 22. 42 U.S.C. § 402(d).

> The claimant is capable of engaging in and maintaining occasional interaction with coworkers and supervisors but no interaction with the general public. The claimant is limited to no tandem tasks. The claimant is capable of adapting and managing in a predictable setting, where changes to daily work routines are occasional and can be explained in advance.

(Tr. 21). The ALJ also found that Plaintiff did not have past relevant work. (Tr. 25). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of floor waxer, kitchen helper, and marker. (Tr. 26). The ALJ concluded that Plaintiff was not disabled for purposes of her child's insurance benefits claim before she attained age 22, and for purposes of her SSI claim from May 29, 2022, through the date of the decision. (*Id.*).

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a disability. Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's inquiry is whether the ALJ applied the correct legal standards and whether the non-disability finding is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that the claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant

can perform exist in the national economy. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. §§ 404.1512(a), 416.912(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In this case, Plaintiff's pro se filings primarily assert that her anxiety-related disorders are more disabling than the ALJ found and prevent her from sustaining work. The Court construes Plaintiff's submissions as challenging the ALJ's evaluation of her symptoms and opinion evidence, the RFC assessment, and the resulting non-disability findings. Upon careful review of the entire record, the Court finds no reversible error in the ALJ's decision.

**B. Substantial Evidence Supports the ALJ's Evaluation of the Evidence and RFC Determination**

A claimant's RFC is an assessment of the most she can still do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). An RFC assessment must be based on all the relevant evidence in the case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016)

(citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004)). However, the ALJ still has an obligation to consider all of the evidence in the administrative record and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence ...").

The Sixth Circuit has found that the administrative law judge's residual functional capacity finding does not need to correspond to a particular physician's opinion. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the administrative law judge is required to base a RFC determination on a physician's opinion). As such, no bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

In formulating the RFC in this case, the ALJ considered Plaintiff's subjective allegations, treatment records, reported activities, medical opinions, and prior administrative medical findings, among other evidence. (Tr. 21-25). Plaintiff alleged that she could not work because of severe anxiety with panic attacks and later alleged depression and agoraphobia. She reported that anxiety-related symptoms limited her ability to talk to and get along with others, concentrate, leave home, handle stress, and

tolerate changes in routine. (Tr. 21-23). Plaintiff's mother offered hearing testimony consistent with those allegations, describing Plaintiff as quiet and anxious, prone to crying spells, and having difficulty leaving home and being around others. (Tr. 22).

The ALJ did not disregard Plaintiff's subjective allegations. Rather, the ALJ found Plaintiff's anxiety disorder to be a severe impairment and included RFC restrictions specifically directed toward the limitations Plaintiff described: no interaction with the general public; only occasional interaction with coworkers and supervisors; no tandem tasks; and a predictable work setting with only occasional changes explained in advance. (Tr. 18, 21).

The ALJ nevertheless found that, while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence of record. (Tr. 22). In this regard, the ALJ acknowledged clinical findings consistent with anxiety-related limitations, including anxious mood or affect, flat or restricted affect, poor or avoidant eye contact, soft or slow speech, and initial difficulty participating in therapy. (Tr. 23-24). Although the ALJ acknowledged anxiety-related abnormalities, the ALJ also reasonably relied on repeated normal findings with respect to language, associations, thought processes, memory, attention, concentration, insight, and judgment. (*Id.*). The ALJ also noted Plaintiff's November 2022 consultative examination, which similarly documented that, despite appearing anxious, Plaintiff was cooperative, could establish a fair relationship with the examiner, and had intact cognitive functioning, fair-to-normal speech and behavior, appropriate thought processes and associations, and intact insight and

judgment. (Tr. 23). The ALJ reasonably weighed this mixed evidence in determining that the record did not establish limitations greater than those incorporated into the RFC.

The ALJ further considered Plaintiff's treatment history, reported improvement, and daily activities. Despite allegations of longstanding, severe anxiety, the ALJ noted that Plaintiff did not seek mental-health treatment until early 2023, nine months after filing her application. (Tr. 22). Thereafter, the record reflects medication management and the initiation of therapy in early 2024. (Tr. 23-24). In January 2024, Plaintiff reported that she felt "much less anxious overall," that her mood was "much better," and that she was able to do what she needed to do, including performing housework, preparing meals, gardening, and shopping. (Tr. 23). At a later appointment, Plaintiff reported feeling "much less anxious overall." (*Id.*). The record also reflects that Plaintiff dined out and went to movies with family, got her hair done, went shopping, and traveled to the Social Security Office to complete disability paperwork. (Tr. 19-20). The ALJ did not equate these activities with an ability to work without limitation, but instead appropriately considered them—together with the medical evidence and treatment record—in evaluating the extent of Plaintiff's limitations.

The ALJ also adequately evaluated the relevant medical opinions and prior administrative medical findings. (Tr. 24-25). The ALJ found the assessment of state-agency psychologist David Dietz, Ph.D., mostly persuasive. Dr. Dietz opined that Plaintiff could maintain superficial social interactions and relationships in a nonpublic setting and could adapt and manage in a structured, predictable setting in which changes were explained in advance. (Tr. 24). The ALJ found these conclusions generally consistent with the treatment record, consultative examination, reported improvement, and Plaintiff's

activities outside the home. (*Id.*). The ALJ adopted similar restrictions with slight modifications, including no public contact, occasional interaction with coworkers and supervisors, no tandem tasks, and predictable work with only occasional, pre-explained changes. (Tr. 21, 24).

The ALJ also found consultative examiner Richard Sexton, Ph.D.'s opinion somewhat persuasive. Dr. Sexton provided a functional assessment, indicating that Plaintiff was expected to have some limitations in her ability to interact socially and to respond appropriately to workplace pressures. (Tr. 24-25). The ALJ found the opinion supported by the examination findings and generally consistent with the record. However, the ALJ found that the opinion's vagueness limited its persuasive value, noting that Dr. Sexton did not address the severity of the limitations involved or identify any specific work restrictions. (*Id.*).

Finally, therapist Samantha Harris, LCSW, opined that Plaintiff had an extreme or complete loss of ability to complete a normal workday or workweek, make work-related decisions, and work in coordination with or proximity to others. (Tr. 25). The ALJ found that opinion unpersuasive because it was inconsistent with the longitudinal evidence, including the limited treatment history, generally unremarkable mental-status findings apart from anxiety-related abnormalities, Plaintiff's reported improvement with medication, and her reported activities. (*Id.*).

Taken together, the ALJ's decision demonstrates that the ALJ evaluated the persuasiveness of the relevant medical opinions and prior administrative medical findings under the applicable regulatory framework. The ALJ explained why Dr. Dietz's assessment was largely consistent with the record, why Dr. Sexton's opinion was only

partially persuasive given its lack of specificity, and why Harris's extreme limitations were inconsistent with the longitudinal evidence. This discussion sufficiently addresses the supportability and consistency of the relevant medical opinions and prior administrative medical findings, as required by 20 C.F.R. § 416.920c(b)(2). The ALJ's persuasiveness findings are supported by substantial evidence.

Accordingly, the ALJ considered Plaintiff's subjective allegations, recognized the anxiety-related symptoms documented throughout the record, and included restrictions tailored to the resulting social and adaptive limitations. The ALJ then explained why the remaining record evidence—particularly Plaintiff's treatment history, reported improvement, and activities—did not support greater limitations than those reflected in the RFC. Although Plaintiff may interpret the evidence differently, this Court may not reweigh the evidence, resolve conflicts in the record, or substitute its judgment for that of the ALJ. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Upon review, the Court finds no reversible error in the ALJ's decision.

Finally, although Plaintiff does not expressly request a sentence-six remand, Plaintiff has submitted materials outside the administrative record in support of her disability claim, including letters from family members, treatment records, and a post-decision letter from therapist Harris. (Docs. 7, 8, & 11). Judicial review of the ALJ's decision is limited to the evidence that was before the ALJ. 42 U.S.C. § 405(g). A remand based on extra-record evidence requires a showing that the evidence is new, material, and accompanied by good cause for its prior omission. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). Plaintiff has not made that showing. The family

statements largely repeat allegations that the ALJ considered; the records predating the ALJ's decision existed during the administrative proceedings; and the later records and Harris's letter do not demonstrate a reasonable probability of a different decision concerning the adjudicated period. Additionally, Plaintiff has not shown good cause for failing to submit the evidence during the administrative proceedings. Accordingly, the additional materials do not warrant a sentence-six remand.

**III. Conclusion and Order**

In sum, the ALJ applied the correct legal framework, adequately considered Plaintiff's impairments, evaluated the medical-opinion evidence under the applicable regulations, and provided reasons grounded in the administrative record for the RFC determination. The ALJ's decision reflects no reversible error and is supported by substantial evidence.

Accordingly, **IT IS ORDERED THAT** the Commissioner's decision is **AFFIRMED,** and this case is **CLOSED.**

*s/Stephanie K. Bowman* ______
Stephanie K. Bowman
Chief United States Magistrate Judge